**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 23rd day of March, 2022.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**1 BIG RED, LLC**,

                     Debtor.

Case No. 21-20044
Chapter 11

### ORDER GRANTING PS FUNDING'S MOTION FOR STAY RELIEF
### AND DENYING DEBTOR'S MOTION TO SELL

Debtor 1 Big Red, LLC, owns real property located at 7410 Sni A Bar Road in Kansas City, Missouri. This matter comes before the Court on (1) creditor PS Funding, Inc.'s[1] motion for stay relief under 11 U.S.C. § 362(d) to pursue its rights

---

[1] PS Funding appears in this matter as "lender and/or servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee of

against 7410 Sni A Bar in state court;[2] and (2) 1 Big Red's motion under 11 U.S.C. §§ 363(b) and (f) to sell 7410 Sni A Bar for $227,000, free and clear of liens, to a third party identified as Vargas Roofing and Construction.[3] The Court will (1) grant PS Funding's motion under § 362(d)(2) because 1 Big Red lacks equity in 7410 Sni A Bar and intends to sell it; and (2) deny 1 Big Red's motion because 1 Big Red has not shown sound business reasons for the proposed sale.

## I. BACKGROUND

An undated agreement documents the 2018 transaction in which 1 Big Red became the owner of 7410 Sni A Bar:

AGREEMENT

> Bradley Henrichs, managing member of Prime Real Estate Development LLC, agrees to sell to Sean Tarppening of 1 BIG RED, LLC, a building located at 7410 Sni-a-bar Road, Kansas City Missouri 64129. The purpose of this sale is to assist Sean Tarppening by allowing him to use this building as collateral to secure a loan to further his business concerns.
>
> It is agreed that this ownership of 7410 Sni-a-bar Road, Kansas City, Missouri 64129 by Sean tarpening will last for 120 days, whereupon that time he agrees to pay off any existing mortgage that he places on the building under his ownership and agrees to sell it back to Bradley Henrichs for the exact same purchase price he purchased it for. 0

---

MFRA Trust 2016-1 ('MFRA') and/or Lexington RML VF Trust I ('Lexington') and/or Napier STRAT Delaware ('Napier')." *See* ECF 153.

[2] ECF 153.

[3] ECF 285.

> It is agreed that while owned by Sean Tarppening "under his company name" will not transfer the property, or deed it to any other person or entity other than Bradley Henrichs, or the entity he requests at the time of transfer.[4]

This transfer of the property from Prime Real Estate Development ("**Prime RE**") to 1 Big Red is reflected in a warranty deed dated September 4, 2018, and recorded in Jackson County, Missouri, on October 18, 2018.[5]

On December 28, 2018, 1 Big Red borrowed $780,000 from Aloha Capital and granted Aloha Capital a security interest in 7410 Sni A Bar, via deed of trust, to secure repayment of the loan.[6] Aloha Capital then assigned the $780,000 note and deed of trust to movant PS Funding.[7] PS Funding recorded the assignment of the deed of trust in Jackson County, Missouri, on September 4, 2019.[8]

On November 20, 2019, Tarpenning and four of his companies (including 1 Big Red) sued PS Funding and Aloha Capital in the circuit court of Jackson County, Missouri, for claims arising out of a number of loans secured by 7410 Sni A Bar and other Kansas City properties.[9] According to their complaint:

---

[4] Agreement, Mot. Stay Relief Ex. G, ECF 153-7 (sic throughout).

[5] *See* Prime RE Proof of Claim, Mot. Stay Relief Ex. F, ECF 153-6.

[6] *See* Secured Note & Deed of Trust, Mot. Stay Relief Ex. A at 1-7, 9-46, ECF 153-1.

[7] *See* Allonge & Assignment of Deed of Trust, Mot. Stay Relief Ex. A at 8, 47-50, ECF 153-1.

[8] *See* Assignment of Deed of Trust, Mot. Stay Relief Ex. A at 47-50, ECF 153-1.

[9] *See* Complaint, Obj. to Claim No. 5, ECF 311-1. Tarpenning's other three companies in the Jackson County case are US Real Estate Equity Builder LLC ("**USREEB**") and US Real Estate Equity Builder Dayton LLC ("**USREEB Dayton**"), which filed their own Chapter 11 petitions in October 2020, and 1 Big Blue LLC, which has not filed for bankruptcy.

3

> Once properties are purchased and mortgages recorded, [PS Funding] and Aloha refuse to provide funds to rehab the properties, and then charge exorbitant fees not contemplated under the loan documents.
>
> And, when the properties are eventually ready to be sold, [PS Funding] and Aloha make up additional fees and refuse to provide payoff amounts to satisfy the debt on the properties.
>
> In other words, [PS Funding] and Aloha try to force these rehab entrepreneurs' hands and take properties through trustee's sales rather than receiving the amounts owed under the loan documents, because the properties often have substantial equity which far outweigh[s] any debt owed.[10]

1 Big Red filed for Chapter 11 bankruptcy at the beginning of 2021. Its Schedule A/B values 7410 Sni A Bar at $500,000. The petition was signed by Sean Tarpenning as CEO of 1 Big Red.

On March 29, 2021, Prime RE filed a proof of claim against 1 Big Red for $500,000, describing the basis for its claim as "7410 Sni-a-bar Road, Kansas City, MO."[11] Attached to Prime RE's proof of claim are the agreement and warranty deed (described above) that transferred 7410 Sni A Bar from Prime RE to 1 Big Red.

On July 1, 2021, PS Funding moved for stay relief.[12] PS Funding's motion points out that (1) an entity named Metropolitan Housing Development Corporation

---

[10] Complaint ¶¶ 12-14, Obj. to Claim No. 5, ECF 311-1. complaint asserts claims for breach of contract, breach of the duty of good faith and fair dealing, accounting, quiet title, negligent misrepresentation, fraudulent misrepresentation, and tortious interference with contract and business expectancy.

[11] *See* Mot. Stay Relief Ex. F, ECF 153-6.

[12] ECF 153.

("**Metropolitan**") is currently leasing 7410 Sni A Bar from 1 Big Red for only $1,000 per month,[13] and that (2) Metropolitan's owner/president is Brad Henrichs—the same person who transferred 7410 Sni A Bar from Prime RE to 1 Big Red for free in 2018. The motion argues that PS Funding's interest in 7410 Sni A Bar is not adequately protected, that 1 Big Red has no equity in the property, and that the property is not necessary to an effective reorganization, such that PS Funding is entitled to stay relief under both §§ 362(d)(1) and (2). This Court entered an agreed order continuing the motion based on 1 Big Red's representations that it had found a buyer for the property and intended to enter into a sale contract.

On August 27, 2021, 1 Big Red filed a motion to sell 7410 Sni A Bar to Prime RE, free and clear of liens, for $225,551.[14] PS Funding objected, arguing that (1) Prime RE's managing member, Henrichs, was an insider of 1 Big Red; and that (2) the proposed sale price of $225,551 was well below a 2018 appraisal that valued the property at $1.2 million; a 2020 broker's price opinion that valued it at $825,000; a 2021 broker's price opinion that valued it at $900,000.[15] 1 Big Red withdrew its sale motion following PS Funding's objection.

On December 16, 2021, 1 Big Red filed its second (and current) motion to sell 7410 Sni A Bar free and clear of liens, this time proposing to sell it for $227,000 to an entity identified in the motion as Vargas Roofing and Construction ("**Vargas**

---

[13] *See* Commercial Lease Package, Mot. Stay Relief Ex. B, ECF 153-2.
[14] ECF 214.
[15] ECF 219.

Roofing").[16]  PS Funding objects to the proposed sale on several grounds, arguing that (1) PS Funding already has a pending stay-relief motion as to the property; (2) 1 Big Red did not file its motion in good faith; and (3)(a) PS Funding does not consent to the proposed sale, (b) the liens on 7410 Sni A Bar exceed $227,000, and (c) the proposed sale would produce no benefit for the bankruptcy estate.[17]  As to 1 Big Red's lack of good faith, PS Funding points out that (1) Vargas Roofing's business address, 6110 Sni A Bar, is a property owned by Metropolitan (i.e., Henrichs), and that (2) Vargas Roofing did not register its fictitious name with the Missouri Secretary of State until December 28, 2021—nearly two weeks after 1 Big Red filed its motion.

## II.  EVIDENTIARY HEARING

At the combined evidentiary hearing on PS Funding's motion for stay relief and 1 Big Red's motion to sell, which took place via Zoom on January 6 and 11, 2022, the Court heard testimony from witnesses Matt Dameron, Sean Tarpenning, and Ariel Kuchmeister.

### A.  Matt Dameron

Dameron, a senior director of asset management at PS Funding, testified:

- The $780,000 loan at issue here was initiated by Aloha Capital and purchased by PS Funding;

---

[16] ECF 285.

[17] ECF 315.  Aloha Capital joins in PS Funding's objection to the sale motion. *See* ECF 322.

- 1 Big Red has made no payments on the $780,000 principal;

- 1 Big Red owes interest (both regular and default) and service charges in addition to the $780,000 principal;

- The deed of trust for 7410 Sni A Bar was recorded; and

- In Dameron's opinion, 1 Big Red has no equity in 7410 Sni A Bar.

Dameron's testimony included the following exhibits:

- PS Funding's Exhibit 2: the $780,000 note and deed of trust for 7410 Sni A Bar, along with the allonge and assignment that transferred those agreements from Aloha Capital to PS Funding;

- PS Funding's Exhibit 12: a "proceeds worksheet" prepared by Dameron that reflects PS Funding's loans to 1 Big Red and the other corporate plaintiffs in the Jackson County litigation, the real property securing each loan, the unpaid balances on the loans, PS Funding's claims in bankruptcy as to each loan, and the net amounts to PS Funding after the properties were sold; and

- Exhibit K to PS Funding's objection to the motion to sell: a HUD settlement statement showing that the proceeds of the $780,000 loan were disbursed to, or on behalf of, 1 Big Red.

### B. Sean Tarpenning

Tarpenning, the CEO of 1 Big Red, testified:

- He has been in the real-estate business for around 20 years; for the last 10 years, he has been in the business full-time;

- 1 Big Red's financial troubles began in 2019, when it was unable to obtain loan payoffs for the properties it owned;

- Tarpenning believes that lenders are colluding to not give him payoffs;

- Henrichs gave 7410 Sni A Bar to 1 Big Red to "get [Tarpenning] through hard times";

- Henrichs allowed Tarpenning to borrow against 7410 Sni A Bar, but kept a leasehold interest in it;

- Henrichs now pays $1,000 per month to lease 7410 Sni A Bar, having taken over the entire building when the other tenant left;

7

- 1 Big Red has received four offers for 7410 Sni A Bar: Prime RE's offer of $225,551; Vargas Roofing's offer of $227,000; and two other offers of $225,000 and $215,000;

- Tarpenning believes that $227,000 is "fair market value" for 7410 Sni A Bar;

- He thinks it would be worse for the bankruptcy estate *not* to sell the property;

- Neither Tarpenning nor 1 Big Red has any prior relationship with Vargas Roofing;

- Tarpenning is not aware of any relationship between Metropolitan and Vargas Roofing;

- Tarpenning executed the $780,000 note and deed of trust for 7410 Sni A Bar;

- He has not reviewed the deed of trust to determine whether it was properly recorded;

- The $780,000 note matured on January 1, 2021, at which time the $780,000 principal was due;

- The $780,000 paid off other notes, so 1 Big Red didn't directly receive the money;

- Tarpenning is not sure whether real-property taxes on 7410 Sni A Bar were paid between 2018 and 2021;

- He was not aware that Vargas Roofing registered its fictitious name on December 29, 2021;

- He admits that Vargas Roofing's address is 6110 Sni A Bar, but is not familiar with the property and does not know who owns it;

- Brad Henrichs is a friend of his; and

- Tarpenning knows that Henrichs is the registered owner of Metropolitan, but did not know that Metropolitan owns 6110 Sni A Bar.

Tarpenning's testimony included the following exhibits:

- Debtor's Exhibit 4: 1 Big Red's motion to sell 7410 Sni A Bar to Vargas Roofing for $227,000;

- Debtor's Exhibit 9: the Jackson County complaint by Tarpenning, 1 Big Red, and three of Tarpenning's other companies against PS Funding and Aloha Capital;

- Debtor's Exhibit 13: a Jackson County tax value statement that lists the 2021 value of 7410 Sni A Bar as $107,000;

- Debtor's Exhibit 14: a September 2021 listing of 7410 Sni A Bar for $600,000 and an October 2021 listing of the property for $500,000;

- Exhibit I to PS Funding's objection to the motion to sell: the Missouri Registration of Fictitious Name filed by Vargas Roofing on December 28, 2021;

- Exhibit J to PS Funding's objection to the motion to sell: a Jackson County real estate sales search result showing that Metropolitan owns 6110 Sni A Bar (the address listed on Vargas Roofing's fictitious name registration);

- Exhibit G to PS Funding's objection to the motion to sell: a collection of deeds reflecting transfers of property from 1 Big Red to other entities; and

- Exhibit 2 to 1 Big Red's motion to sell: a title insurance commitment for 7410 Sni A Bar that reflects deeds of trust to PS Funding and Guardians of Travel, LLC, securing obligations of $780,000 and $625,000, respectively.

### C. Ariel Kuchmeister

Kuchmeister, a realtor with Keller Williams Plaza Partners, testified:

- She has been a realtor for around 10 years, during which time she has handled around 150 real-estate transactions;

- She showed 7410 Sni A Bar seven times and received four offers: $215,000; $225,000; $225,551 from Prime RE; and the current offer of $227,000;

- The $227,000 offer for 7410 Sni A Bar is the highest and best one;

- Kuchmeister originally listed the property for $600,000 and received no offers;

- The four offers came in after the listing price dropped to $500,000;

- The property is not in good condition: the roof and HVAC need to be replaced, and there is water in the basement;

9

- Repair quotes are $390,000 for the roof and $30,921 for the HVAC;

- Kuchmeister has not favored one buyer over another;

- She knows of no connection between Vargas Roofing and either 1 Big Red or Metropolitan;

- The 2021 Jackson County tax value statement that values 7410 Sni A Bar at $107,000 does not reflect the true value of the property;

- The $227,000 offer from Vargas Roofing does reflect its true value;

- The online listing information for 7410 Sni A Bar went to around 400 different websites;

- Kuchmeister is not aware of anything else that could be done to market the property other than putting a for-sale sign outside;

- Tarpenning has not interfered with her efforts to sell the property; he told her to "get it sold"; and

- She has sold a few commercial/warehouse properties, but most of her properties are residential.

Kuchmeister's testimony included the following exhibits:

- Debtor's Exhibit 4: 1 Big Red's motion to sell 7410 Sni A Bar to Vargas Roofing for $227,000, paragraph 26 of which recounts the other offers on the property;

- Debtor's Exhibit 13: a Jackson County tax value statement that lists the 2021 value of 7410 Sni A Bar as $107,000;

- Debtor's Exhibit 14: a September 2021 listing of 7410 Sni A Bar for $600,000 and an October 2021 listing of the property for $500,000.

### III. ANALYSIS

#### A. PS Funding's Motion for Stay Relief

A motion for relief from the automatic stay is governed by § 362(d), which provides (in relevant part):

10

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>     (A) the debtor does not have an equity in such property; and
>
>     (B) such property is not necessary to an effective reorganization.

The party requesting stay relief (here, PS Funding) has the burden of proof as to the debtor's lack of equity; the party opposing stay relief (here, 1 Big Red) has the burden of proof as to all other issues. *See* 11 U.S.C. § 362(g).

### 1.     1 Big Red lacks equity in 7410 Sni A Bar.

As to lack of equity, the evidence before the Court demonstrates that (1) the current value of 7410 Sni A Bar is less than $780,000; and (2) the liens on 7410 Sni A Bar equal or exceed $780,000. This satisfies PS Funding's burden of proof.

1 Big Red does not dispute the evidence. Rather, 1 Big Red "disputes that there is a balance owed to [PS Funding] because of the claims of [1 Big Red] against [PS Funding]."[18] Its theory is that its pending Jackson County litigation against PS Funding creates equity in 7410 Sni A Bar for purposes of § 362(d) even though the liens on the property otherwise exceed its value. In its post-trial brief,[19] 1 Big Red

---

[18] ECF 344 at 3.
[19] ECF 344.

argues that its theory is supported by four cases: *In re Compass Van & Storage Corp.*, 61 B.R. 230 (Bankr. E.D.N.Y. 1986); *United Companies Financial Corp. v. Brantley*, 6 B.R. 178 (Bankr. N.D. Fla. 1980); *Cheshire County Savings Bank. v. Pappas (In re Pappas)*, 55 B.R. 658 (Bankr. D. Mass. 1985); and *In re Tally Well Service, Inc.*, 45 B.R. 149 (Bankr. E.D. Mich. 1984).

According to *In re Pappas*:

> Counterclaims or affirmative defenses are divided into two groups, those which directly contest the validity of a creditor's lien or the amount of that lien, as opposed to those claims which would only effect a reduction or set-off against the debt. The first type should be considered in a hearing on relief from stay; the latter should not.

55 B.R. at 660-61 (holding that trustee's evidence regarding § 549 claims could be considered in creditor's stay-relief motion). *Brantley* and *In re Tally Well Service* likewise distinguish between (1) counterclaims and defenses that "strike at the heart" of a creditor's claim, which should be considered on a motion for stay relief; and (2) those that might effect "set-offs or reductions in credit" but "really do not go to the validity and amount of the specific debt or lien itself," which should not be considered. *See Brantley*, 6 B.R. at 185, 188 (holding that debtors' usury claim could be considered in determining whether creditor was adequately protected); *In re Tally Well Serv.*, 45 B.R. at 153 (holding that trustee's claim that creditor had "acquired its security interest through series of fraudulent transfers and insider dealing" could be considered in creditor's stay-relief motion). Similarly, *In re Compass Van & Storage* distinguishes between (1) state-law issues that are "essential" to determining whether cause for stay relief exists and (2) those issues

12

that are merely "collateral" to such determination. *See In re Compass Van & Storage*, 61 B.R. 230 (citing *Brantley*, 6 B.R. at 188) (holding that resolution of debtor's partial-eviction claim was "essential" to determining whether debtor's unpaid rent established cause for stay relief).

The cases cited by 1 Big Red thus establish that the Court should consider the Jackson County litigation to the extent such claims directly contest, or strike at the heart of, PS Funding's claim. In its Jackson County complaint, 1 Big Red alleges: "A dispute exists as to the enforceability of the deed of trusts and other alleged security agreements which [PS Funding] seeks to enforce against [1 Big Red]."[20] It also alleges: "An accounting is necessary to determine (1) what amount, if any, is due from [1 Big Red] to [PS Funding], and (2) whether [1 Big Red is] in default under the applicable deeds of trust and/or mortgages which [PS Funding] seeks to foreclose . . . ."[21] These allegations, however conclusory, appear to directly contest PS Funding's claim here.[22]

But even if it is therefore appropriate for this Court to consider 1 Big Red's Jackson County claims in the context of § 362(d), it would be inappropriate for the Court to rule on those claims at this stage. *See In re Tally Well Serv.*, 45 B.R. at 152

---

[20] Complaint ¶ 81, ECF 311-1. *But see id.* ¶ 23 ("In November and December of 2018, [1 Big Red] . . . and Tarpenning entered into certain promissory notes, deeds of trust, guaranties, and other agreements (collectively the 'Loan Agreements') relating to four (4) real properties located in Jackson County, Missouri [including] 7410 Sni-A-Bar . . . .").

[21] *Id.* ¶ 77.

[22] The Court expresses no opinion as to whether such conclusory allegations are sufficient to state any claim or defense against PS Funding.

13

("[A] preliminary hearing under § 362 is not the proper time or place for a full *adjudication* of the trustee's claims against the creditor."); 3 *Collier on Bankruptcy* ¶ 362.08[6] (Richard Levin & Henry J. Sommer eds., 16th ed.) (observing that while affirmative defenses and counterclaims may be considered on stay-relief motion, "a *res judicata* determination of the issues at that time would be inappropriate"). Therefore, while the Court may consider the Jackson County claims for purposes of § 362(d), the Court must also consider the evidence presented by PS Funding.

PS Funding has presented strong evidence that the liens on 7410 Sni A Bar exceed its value. In contrast, 1 Big Red's Jackson County claims are both speculative and (to the extent they directly contest PS Funding's claim) conclusory. Having considered 1 Big Red's Jackson County claims, the Court holds that PS Funding has satisfied its burden of proving that 1 Big Red lacks equity in 7410 Sni A Bar for purposes of stay relief under § 362(d).

### 2. 7410 Sni A Bar is not necessary to an effective reorganization.

As to whether 7410 Sni A Bar is necessary to an effective reorganization, 1 Big Red intends—and is currently attempting—to sell it. Because 1 Big Red intends to sell the property, it cannot be necessary to an effective reorganization.

### 3. PS Funding is entitled to stay relief under § 362(d)(2).

Because PS Funding has satisfied its burden of proving that 1 Big Red lacks equity in 7410 Sni A Bar, and because such property (which 1 Big Red intends to

sell) is not necessary to an effective reorganization, the Court will grant PS Funding's motion for stay relief under § 362(d)(2).[23]

## B. 1 Big Red's Motion to Sell

> The "business judgment" test applies to determine whether a sale under § 363(b) should be approved. Under this standard, the Trustee seeking approval of the sale must show sound business reasons for the sale. In making this determination, courts consider evidence of "[a]ny improper or bad motive," whether "[t]he price is fair and the negotiations or bidding occurred at arm's length," and whether the trustee followed "[a]dequate procedures, including proper exposure to the market and accurate and reasonable notice to all parties in interest."

*Allen v. Absher (In re Allen)*, 607 F. App'x 840, 843 (10th Cir. 2015) (unpublished) (quoting *In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004)) (alterations in original).

Here, 1 Big Red has not demonstrated sound business reasons to sell 7410 Sni A Bar for $227,000. The transaction in which Henrichs conveyed the property to Tarpenning for free, along with the friendship between the two, provides Tarpenning with an incentive to convey the property back to Henrichs for the least amount possible. The proposed buyer, Vargas Roofing, is located at an address owned by Metropolitan (i.e., Henrichs). The proposed sale price, $227,000, is only

---

[23] The Court notes that an order granting stay relief "is not a final adjudication of the parties' various rights and interests in the subject property." *Castro v. Kondaur Cap. Corp. (In re Castro)*, Nos. CO-11-040, 11-24287, 2012 WL 611437, at *4 (B.A.P. 10th Cir. Feb. 27, 2012). "Instead, it is only a determination that the party seeking relief has at least a colorable claim, has established its burden under § 362(d), and that the state court is an appropriate forum in which to litigate claims to the property at issue." *Id.*

marginally higher than the $225,551 offered by Prime RE (i.e., also Henrichs). And while Tarpenning and Kuchmeister both disclaimed any knowledge of a connection between Henrichs and Vargas, neither Henrichs nor Vargas testified at the hearing. Under these facts, Vargas Roofing's offer does not appear to be the result of an arm's-length negotiation.

Nor has 1 Big Red established that $227,000 represents a fair price for the property. Kuchmeister and Tarpenning did give testimony to that effect. However, Kuchmeister acknowledged that she has little experience with commercial/warehouse properties, and Tarpenning's opinion lacks credibility in light of his relationship with Henrichs and the obvious connection between Henrichs and Vargas Roofing. Moreover, when 1 Big Red filed its Chapter 11 petition and schedules on January 15, 2021, Tarpenning represented under penalty of perjury that the value of 7410 Sni A Bar was $500,000.[24] 1 Big Red, which has not amended its Schedule A/B as that value, offered no evidence to explain how the property came to be worth less than half that amount a year later.

Because (1) there is evidence of improper motive on Tarpenning's part; (2) there is evidence that Vargas Roofing's offer is not the result of an arm's-length transaction; and (3) there is insufficient evidence that $227,000 represents a fair price for 7410 Sni A Bar, the Court holds that 1 Big Red has not met its burden of establishing sound business reasons for the proposed sale. Accordingly, the Court will deny 1 Big Red's motion to sell under § 363(b) (and therefore need not address

---

[24] Schedule A/B, line 55.3, ECF 1 at 9.

16

Case 21-20044   Doc# 373   Filed 03/23/22   Page 16 of 17

whether 1 Big Red could sell the property free and clear of liens under § 363(f) over PS Funding's objection).

## IV. CONCLUSION

For all of the foregoing reasons, the Court hereby grants PS Funding's motion for stay relief and denies 1 Big Red's motion to sell. However, to the extent that the mortgagee sells 7410 Sni A Bar for less than $227,000, PS Funding's claim versus 1 Big Red and any guarantors will be disallowed in an equal amount.[25]

IT IS SO ORDERED.

###

---

[25] For example, if 7410 Sni A Bar sells for $220,000, then $7,000 of PS Funding's claim against 1 Big Red and any guarantors will be disallowed.

17